MR. JUSTICE DAY
dissenting:
I respectfully dissent. It is my view that the majority opinion has gone directly contrary to the language in the will. The majority opinion says that it is plain that $49,000 is to be deducted from the residuary estate and that the balance is then to be divided equally.
This is not, I assert, anywhere close to what the will states. Taking the paragraph and following the first step, it is plainly stated the trustee shall divide the residuary property into two trust funds, said trust funds to be equal in amount. If this is done, then two funds of $149,000 are created, just as the Court of Appeals stated. Then if the son’s trust fund is increased by $49,000, obviously the other trust fund will be reduced by the same amount, and although mathematically that creates a difference in the amount left, I cannot find any authority in the wording of the will to provide for the residuary estate to be first reduced by $49,000 and then divided.
I think it might well be said that the instructions in the will, if followed, are clear and will produce the mathematical result which extraneous evidence might indicate was *194 intended. I see no harm then in making a declaration that the paragraph is ambiguous because it is subject to more than one interpretation. If in fact the daughter got $98,000 in her lifetime, the scrivener, in view of the mathematical result of following the language in the will, may have pre-calculated the result before the paragraph was written so as to produce the division which the son is contending for.
MR. CHIEF JUSTICE PRINGLE and MR. JUSTICE KELLEY authorize me to state that they join in this dissent.